UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WAYNE GLEN DAY** | **CIVIL ACTION** |
| **VERSUS** | **No. 10-730** |
| **LOCKHEED MARTIN SPACE SYSTEMS COMPANY, ET AL.** | **SECTION I/1** |

## ORDER AND REASONS

Before the Court is a motion to remand filed by plaintiff, Wayne Glen Day.[1] Defendants, Lockheed Martin Space Systems Company ("Lockheed") and Cheryl Alexander ("Alexander"), oppose the motion.[2] For the following reasons, the motion is **DENIED**.

### *BACKGROUND*

On January 27, 2010, plaintiff filed a lawsuit in Louisiana state court alleging that defendants violated the Louisiana Military Service Relief Act ("LMSRA").[3] Plaintiff alleged that defendants declined to promptly reemploy him when he returned from military leave and violated Lockheed's internal policies with respect to accrued vacation credits, differential pay, and 401(k) matching funds.[4]

Lockheed removed the action to this Court on March 2, 2010, on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).[5] Defendants argue that plaintiff's claims arise under federal law because a

---
[1] R. Doc. No. 13.
[2] R. Doc. No. 15.
[3] R. Doc. No. 1-1.
[4] R. Doc. No. 1-1.
[5] R. Doc. No. 4.

1

portion of plaintiff's claims are completely preempted by the federal Employee Retirement Income Security Act ("ERISA").[6] On April 1, 2010, plaintiff filed this motion to remand.[7]

*STANDARD OF LAW*

**I. Motion to Remand**

A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removal statute is strictly construed. Sea Robin Pipeline Co. v. New Medico Head Clinic Facility, No. 94-1450, 1995 U.S. Dist. LEXIS 12013, at *2 (E.D.La. Aug. 14, 1995) (Clement, J.) (quoting York v. Horizon Fed. Sav. & Loan Ass'n, 712 F.Supp. 85, 87 (E.D.La.1989) (Feldman, J.)). When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921); Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., 99 F.3d 746, 751 (5th Cir.1996). Doubts concerning removal are to be construed against removal and in favor of remand to state court. Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir.2002) (citation omitted).

**II. Federal Question Jurisdiction and ERISA Preemption**

United States District Courts have original subject matter jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Ordinarily, "[t]o determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses." Arana v. Ochsner Health Plan, 338 F.3d 433, 437 (5th Cir. 2003). However, a federal statute "may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in

---

[6] 29 U.S.C. § 1001 *et seq*. Because of this Court's opinion with respect to ERISA preemption, the Court does not reach the parties' arguments with respect to diversity jurisdiction.
[7] R. Doc. No. 13-1.

2

character" and it is, therefore, removable. Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987); Arana, 338 F.3d at 437. It is well settled that "Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a)[8] [of ERISA] removable to federal court." Metro. Life, 481 U.S. at 66; see McGowin v. Man Power Int'l, Inc., 363 F.3d 556, 559 (5th Cir. 2004).

Preemption in the context of ERISA may be of two types: complete preemption or conflict (ordinary) preemption. Copling v. Container Store, Inc., 174 F.3d 590, 594-95 (5th Cir. 1999). Complete preemption pursuant to ERISA § 502(a) provides removal jurisdiction, while ordinary or conflict preemption pursuant to ERISA § 514[9] does not. Roark v. Humana, Inc., 307 F.3d 298, 305 (5th Cir. 2002).

If a federal statute completely preempts an asserted cause of action, it is removable "because 'when the federal statute completely pre-empts the state law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in

---

[8] ERISA § 502(a) provides that a participant or beneficiary of an employee benefit plan may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B); see Halliburton Co. Benefits Comm. v. Graves, 463 F.3d 360, 375-76 (5th Cir. 2006).
[9] ERISA § 514 provides, in pertinent part, that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described" in ERISA. 29 U.S.C. § 1114. The United States Court of Appeals for the Fifth Circuit discussed conflict preemption pursuant to ERISA § 514:

> State law claims [that] fall outside the scope of ERISA's civil enforcement provision, § 502, even if preempted by § 514(a), are still governed by the well pleaded complaint rule and, therefore, are not removable under the complete preemption principles established in Metropolitan Life.
>
> The presence of conflict-preemption does not establish federal question jurisdiction. Rather than transmogrifying a state cause of action into a federal one—as occurs with complete preemption—conflict preemption serves as a *defense* to state action.
>
> When the doctrine of complete preemption does not apply, but the plaintiff's state claim is arguably preempted under § 514(a), the district court, being without removal jurisdiction, cannot resolve the dispute regarding preemption.

Giles v. NYLCare Health Plans, Inc., 172 F.3d 332, 337 (5th Cir. 1999) (citations, quotations, and footnotes omitted).

3

reality based on federal law.'" Aetna Health Inc. v. Davila, 524 U.S. 200, 207-08 (2004)(quoting Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003)); see McClelland v. Gronwaldt, 155 F.3d 507, 512 (5th Cir. 1998). ERISA § 502(a) is a federal statute that has such "extraordinary pre-emptive power" that it "converts an ordinary state common law complaint into one stating a federal claim for the purposes of the well-pleaded complaint rule." Metro. Life, 481 U.S. at 65.

A plaintiff may not avoid federal jurisdiction by artfully pleading a completely preempted cause of action in terms of state law; the artful pleading doctrine allows removal even if the plaintiff omits pleading necessary federal questions. See Rivet v. Regions Bank of La., 522 U.S. 470, 475-76 (1998). Accordingly, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." Davila, 542 U.S. at 209; see La. Health Servs. & Indem. Co v. Rapides Healthcare Sys., 461 F.3d 529, 534 (5th Cir. 2006). However, an analysis of ERISA preemption "must be guided by respect for the separate spheres of governmental authority preserved in our federalist system." Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 522 (1981).

State law causes of action are completely preempted by ERISA § 502(a)(1)(B) and federal question jurisdiction is established when both: (1) an individual, at some point in time, could have brought the claim under ERISA, and (2) there is no legal duty independent of ERISA or the plan terms that is implicated by the defendant's actions. Davila, 542 U.S. at 209-10. Conversely, "lawsuits against ERISA plans for run-of-the-mill state-law claims such as unpaid rent, failure to pay creditors, or even torts committed by an ERISA plan," are not preempted. Mackey v. Lanier Collection Agency & Serv., Inc., 486 U.S. 825, 833 (1988).

## DISCUSSION

**I.      Whether the claims could have been brought under ERISA**

ERISA's civil enforcement scheme "establishes that a civil action may be brought by a participant or beneficiary: '[T]o recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]'" Lone Star OB/GYN Associates v. Aetna Health Inc., 579 F.3d 525, 529 (5th Cir. 2009)(quoting 29 U.S.C. § 1132(a)(1)(B)). "[I]f a party's state law claims fall under this § 502(a)(1)(B) definition, they are preempted by ERISA." Id.

Plaintiff's complaint raises several allegations regarding Lockheed's failure to comply with its own internal policies with respect to the treatment of employees called to military service. In relevant part, the complaint states:

> Both before and after September 11, 2001 Lockheed Martin had in place, a policy for re-employment, pay and benefits for employees who were called to active duty service in support of operations.
> . . .
> Despite the applicability of Defendant's Corporate Policy . . . [plaintiff] was not paid vacation credits while on military duty, vacation credits which other employees called to active duty service during the same period received at Lockheed Martin.
> . . .
> Despite the applicability with regard to Differential Pay (the difference between Lockheed Martin's pay and [plaintiff's] military pay when military pay was less) . . . Lockheed Martin refused to pay [plaintiff's] differential pay, a benefit of employment, since September 11, 2001.
> . . .
> Despite having a matching 401(k) retirement program for its military reserve employees, Lockheed Martin refused to allow [plaintiff] a lump sum contribution to such a plan following his active duty deployments or to pay the matching contributions to the plan as they did for other military reserve employees.[10]

---
[10] R. Doc. No. 1-1, paras. 20-24.

It is clear that plaintiff's complaint alleges that plaintiff was wrongfully denied certain voluntary benefits allegedly owed plaintiff under Lockheed's ERISA plan.[11] "Wrongful denial of benefits is a cause of action under ERISA § 502(a)(1)(B)." Wilson v. Kimberly-Clark Corp., 254 Fed.App'x 280, 286 (5th Cir. 2007); see also Tolton v. American Biodyne, Inc., 48 F.3d 937, 941 (6th Cir. 1995)("[P]laintiffs' claims that arise from an allegedly improper denial of benefits to an ERISA beneficiary fall squarely within section 502(a)."). Accordingly, plaintiff's claims that he was denied vacation credits, differential pay, and 401(k) matching funds could have been brought under ERISA. The Court will next examine whether defendants had an independent legal duty to pay these benefits.

## II. Whether there is an independent legal duty

None of plaintiff's claims with respect to vacation credits, differential pay, and 401(k) matching funds are created by the LMSRA. Rather, those claims are based on the express terms of Lockheed's benefit plans.[12] Where a defendant's duty is derived entirely from the particular rights and obligations established by its benefit plans, such obligation is not an 'independent legal duty' sufficient to evade ERISA preemption. See Davila, 542 U.S. at 213-14; see also Ochsner Foundation Hosp. v. Comeaux, 2007 WL 2810993, at *3 (E.D.La. 2007) (Englehardt, J.) ("A legal duty is not independent if it derives entirely from the particular rights and obligations established by ERISA benefit plans.") (internal quotations omitted). Because plaintiff's claims with respect to vacation credits, differential pay, and 401(k) matching funds are derived from the terms of the ERISA plan, the Court finds that such claims are completely preempted by ERISA and, accordingly, arise under federal law.

---

[11] Plaintiff does not argue that these benefits do not fall under the ambit of and ERISA plan.
[12] See R. Doc. No. 1-1, p. 4 (wherein plaintiff's complaint repeatedly refers to "the applicability of Defendant's Corporate Policy").

Although plaintiff contends that "the preponderance" of plaintiff's claims have to do with the refusal to promptly re-employ him,[13] it is clear that, at the very least, some of plaintiff's claims do arise under federal law. Accordingly, this Court finds that it has jurisdiction with respect to this lawsuit.

## *CONCLUSION*

For the reasons stated above,

**IT IS ORDERED** that plaintiff's motion for remand is **DENIED.**

New Orleans, Louisiana, June 16, 2010.

**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[13] R. Doc. No. 13-1, p. 7. The Court renders no opinion with respect to whether such claims arise under federal law.